# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 18-4676

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRACE WILLIAM BOSTICK, SR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:17-cr-00398-CCE-1)

Submitted:  April 18, 2019                    Decided:  April 25, 2019

Before FLOYD and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Angela H. Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Trace William Bostick, Sr., pleaded guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 (2012). The district court sentenced Bostick to 180 months of imprisonment and he now appeals. Finding no error, we affirm.

On appeal, Bostick challenges the district court's application of an enhancement in offense level under the Sentencing Guidelines for his leadership role in the conspiracy. "In reviewing whether a sentencing court properly calculated the Guidelines range, we review the court's factual findings for clear error and its legal conclusions de novo." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018). "We will conclude that the ruling of the district court is clearly erroneous only when, after reviewing all the evidence, we are left with the definite and firm conviction that a mistake has been committed." *United States v. Steffen*, 741 F.3d 411, 415 (4th Cir. 2013) (internal quotation marks omitted). The Government bears the burden of demonstrating that a sentencing enhancement should be applied, and the court must find that the enhancement applies by a preponderance of the evidence. *Id.* at 414-15. "In conducting this review for clear error, we are not confined to the district court's analysis but may affirm the court's ruling on any evidence appearing in the record." *Id.* at 415 (internal quotation marks omitted).

Under the Guidelines, a district court should apply a two-level upward adjustment in offense level if the defendant was an organizer, leader, manager, or supervisor in criminal activity that did not involve five more or persons or was otherwise not extensive. U.S. Sentencing Guidelines Manual § 3B1.1(c) (2018). In determining whether to apply

an enhancement in offense level for a defendant's leadership role, a court should consider: the defendant's exercise of decision making authority, the nature of his participation in the offense, recruitment of others, any claimed right to a larger share of the profits, the degree of participation in planning of the offense, the nature and scope of the offense, and the degree of control and authority exercised over others. *United States v. Agyekum*, 846 F.3d 744, 752 (4th Cir. 2017) (citing USSG § 3B1.1 cmt. n.4)). We have held that the leadership role enhancement applies only if the defendant managed or supervised at least one other participant in the criminal enterprise, rather than managing property. *Steffen*, 741 F.3d at 415. After reviewing the record and the relevant legal authorities, we conclude that the district court did not clearly err in calculating the advisory Guidelines range.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*